The opinion of the court was delivered by
Spencer, J.
Relator alleges that the respondent has arbitrarily refused to grant him an order of sequestration, although he has in every respect complied with the requirements of law for its obtention.
He annexes his petition for injunction, and asks this court to compel, by mandamus,the parish judge (acting in the absence of (the district judge) to grant th¿ order, etc.
Articles 820 and 831, C. P., are sufficiently broad to justify relator in this request. But this court must measure its powers by the constitution, which declares that -its jurisdiction is appellate only, except in certain cases, of which this is not one. Constitution, arts. 74 and 77.
*795 It is settled jurisprudence that this court can issue the writ of mandamus only when asked in aid of its appellate jurisdiction. The case before us is not within the operation of that rule.
If we may compel the judge to grant an injunction, we may compel him to grant any other order which he ought to grant, such as a continuance, attachment, etc. It is manifest that we can • only reach such matters when brought before us on appeal. In March last we decided the point now before us adversely to relator. See State ex rel. Poole vs. Judge Second District Court (not reported).
It is therefore ordered that the mandamus be refused at the costs of relator.